28 C.C.P.A.(Patents)

### In re HELMOND.
### Patent Appeal No. 4410.

Court of Customs and Patent Appeals.
March 31, 1941.

Jesse A. Holton, of New York City (Louis G. Julihn, of Hartford, Conn., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting, in view of the prior art, claims 58, 60 and 61 of an application for a patent for certain new and useful improvements in typewriting machines.

Ten claims of the application were allowed by the examiner.

Claim 60 illustrates the nature of the subject matter involved and reads as follows: "60. In a typewriting machine; an open-channel-form tabulating stop rack consisting of a base wall and two opposite side walls, said base wall having tabulating stop receiving perforations and the opposite inner faces of said side walls having stop-receiving grooves corresponding to said base wall perforations and forming stop-buttressing teeth, said rack being a continuous sheet metal piece on opposite margins of which aligned grooves are provided, the piece being formed in channel shape thus presenting the grooves in opposed relation on the inner faces of the side walls."

The references cited are: Kurowski, 1,145,373, July 6, 1915; Helmond, 1,901,162, March 14, 1933.

The invention disclosed in the application of appellant relates to a one-piece channel-shaped stop bar or rack for a typewriting machine. The rack carries a number of stops, one for each letter space, which may be set, and when a counter stop is raised it will project into the path of the set stop and arrest movement of the carriage. The said bar or rack has a slotted base through which the stops project above the rack and the side walls are grooved on the inside to form guides for the stops and abutments to prevent movement of the stops in the rack when meeting a counter stop.

The cited patents are the property of appellant's assignee, Underwood Elliott Fisher Company, and the patentee Helmond of the reference patent is the appellant here.

The patent to Kurowski relates to typewriting machines and more particularly to a series of stops which are adapted to be selectively set into position to co-operate with counter stops. The patent states that "The support or frame which carries the stops may comprise a rack bar or bars formed with internal teeth which separate and guide the stops." The drawings of the patent show that the stop rack is of channel shape with a slotted base and inside grooved side walls. The side walls and base are separate pieces secured together at the ends thereof.

In the Helmond patent, relating to racks used in typewriting machines, it is stated that a feature of the invention is the construction of a column-stop-bar in the form of a metal tube. The tube may be made of steel and may be in oblong rectangular form. The device is made by cutting cross slots in the rack transversely in its top and bottom sides, the slots on one side co-operatively registering with those on the other side.

The examiner held the general rule, that there is no invention in a member formed in one piece instead of several secured together, where no change in function or operation is involved, appears to be applicable in this case, especially as the Helmond patent shows that it is old to make a stop rack of one-piece construction.

The Board of Appeals agreed with the reason for rejection by the examiner, and further stated in its decision that "It is a matter of common knowledge to make things of sheet metal and it appears that applicant has done no more than to make Kurowski's device of sheet metal." The board, of course, could have had in mind nothing but the rack of the patent and the rack described in the appealed claims.

Appellant contends in his brief that in order to invoke the rule applied by the examiner the results and advantages of appellant's construction must have been obvious to the ordinary workman in the art, and that it must have been obvious how the references could be modified to make a one-piece construction, and that neither of these two factors was obvious.

The advantages claimed by appellant to be possessed by the rack herein are that it was the first to meet commercial needs, its great strength, extreme simplicity, exceptional lightness and economy in manufacture. While it may be conceded that the structure of appellant results in the claimed advantages, nevertheless it is in the structure itself that invention must lie, and we think that the structure here claimed, in view of the cited references, would be obvious to one skilled in the art.

With respect to the second factor of appellant's contention, in view of the Helmond patent it was clearly obvious to make a rack of one-piece construction, and if, when so made, it was desired to keep the advantage of lightness and economy shown therein and also to add to these advantages the strength that necessarily obtains in the three-sided support disclosed in the Kurowski patent, it certainly was obvious to provide grooves in the inner faces of the side walls of the rack. The problem said to be present in making the rack defined by the rejected claims and the solution thereof can be of no concern here. If the solution of the problem were claimed to be invention it would have to be embodied in process claims.

The fact that the rack disclosed by the patent to Kurowski is said to be inoperative and commercially impracticable does not render it any the less a valid reference. See In re Rosenberger, 116 F. 2d 507, 28 C.C.P.A., Patents ——, and cases cited therein.

It is quite true, as contended by appellant, that he did much more than merely modify the device of the Kurowski patent. This is true, however, only when the actual structure of appellant's stop rack device is considered, but not with respect to the structure shown in the claims on appeal. As far as they are concerned, Kurowski discloses everything contained therein except that the rack of the application is formed of a continuous sheet metal piece. The mere substitution of sheet metal for the metal used in the Kurowski rack cannot of itself impart patentability to the claims of appellant. "In such case a patent should not issue." In re Otto R. Schoenrock, 59 F.2d 235, 19 C. C.P.A., Patents, 1268, 1270, and cases cited therein.

We have carefully considered the other contentions of appellant, but in view of what has been hereinbefore stated we are convinced that the tribunals of the Patent Office have made no error in rejecting the claims herein. The decision of the Board of Appeals is, therefore, affirmed.

Affirmed.